## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No.:**

KENNETH CRYDERMAN,

    Plaintiff,

v.

ALLIED INTERNATIONAL CREDIT CORP. (US), a Delaware corporation,

    Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff, Kenneth Cryderman, is a natural person.

8. The Plaintiff resides in the City of Longmont, County of Boulder, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Defendant, Allied International Credit Corp. (US), is a Delaware corporation operating from an address at 2222-2228 W. Northern Avenue, Suite B202, Phoenix, Arizona, 85021.

11. The Defendant's registered agent in the state of Colorado is Colorado Manager, Inc., 13821 Muirfield Circle, Broomfield, Colorado, 80023.

12. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. The Defendant is licensed as a collection agency by the state of Colorado.

14. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

15. The Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

16. Sometime before 2008 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account (hereinafter the "Account").

17. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. The Account went into default with the original creditor.

19. Sometime after the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

20. The Plaintiff disputes the Account.

21. The Plaintiff requests that the Defendant cease all further communication on the Account.

22. In the year prior to the filing of the instant action the Plaintiff received telephone calls and voicemail messages from the Defendant and / or representatives, employees and / or agents of the Defendant.

23. The purpose of these telephone calls and voicemail messages was to attempt to collect the Account.

24. The Plaintiff called the Defendant in response to the telephone calls and voicemail messages.

25. The telephone calls and voicemail messages each individually constituted a "communication" as defined by FDCPA § 1692a(2).

26. The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant made telephone calls to the Plaintiff was to attempt to collect the Account.

27. The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant had telephone conversations with the Plaintiff was to attempt to collect the Account.

28. The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant received telephone calls from the Plaintiff was to attempt to collect the Account.

29. The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant left voicemail messages for the Plaintiff was to attempt to collect the Account.

30. In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account left voicemail message(s) for the Plaintiff that did not contain the language required by FDCPA 1692d(6) and 1692e(11).

31. On or about December 15, 2008 at or around 11:48 am Mountain Standard Time the Defendant and / or a representative, employee and / or agent of the Defendant attempting to collect the Account left a voicemail message for the Plaintiff.

32. The voicemail message stated: "Message is for Ken Cryderman. This is Charles Vehill. I do have the last four of your social uh (redacted). Uh, once again Charles Vehill here at AOL. I guess it does look like we have discussed this issue with you in detail before and we have walked you through all the options that you have in regards to making an educated business decision on your own behalf. Uh, we are gonna close this out at this time. Um, we have left you messages and have talked to you in regards to this issue over the last several months with no uh resolution. Um at this point the next action to be taken against you um on a formal basis. You can call me here and get the details in regard to that. Um I am reachable here at 1-800-991-8256. My direct extension is 6940. Once again we are closing this issue out. Um, we have no more time to work with you."

33. The voicemail message was an attempt to collect the Account.

34. The voicemail message constituted a "communication" as defined by FDCPA § 1692a(2).

35. The voicemail message does not state that "the communication is from a debt collector".

36. FDCPA 1692e(11) requires the disclosure that "the communication is from a debt collector" be included in the voicemail message.

37. The voicemail message does not meaningfully disclose the caller's identity.

38. Charles Vehill did not state that he was calling from the Defendant during the voicemail message.

39. FDCPA 1692d states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:"

40. FDCPA 1692d(6) states: "Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity."

41. The Defendant and / or a representative, employee and / or agent of the Defendant, Charles Vehill, was not acquiring location information on the Plaintiff when this voicemail message was left for the Plaintiff.

42. Charles Vehill left this voicemail message for the Plaintiff.

43. Charles Vehill was an employee of the Defendant at the time this voicemail message was left for the Plaintiff.

44. Charles Vehill was an agent of the Defendant at the time this voicemail message was left for the Plaintiff.

45. Charles Vehill was acting within the course of his employment with the Defendant at the time this voicemail message was left for the Plaintiff.
46. Charles Vehill was acting within the scope of his employment with the Defendant at the time this voicemail message was left for the Plaintiff.
47. Charles Vehill was under the direct supervision of the Defendant at the time this voicemail message was left for the Plaintiff.
48. Charles Vehill was under the control of the Defendant at the time this voicemail message was left for the Plaintiff.
49. Charles Vehill's actions in leaving this voicemail message for the Plaintiff are imputed to his employer, the Defendant.
50. The recording device used by the Plaintiff was capable of taping the voicemail message.
51. The Plaintiff was competent to operate the recording device.
52. The recording of the voicemail message is authentic and correct.
53. Changes, additions, or deletions have not been made to the voicemail message.
54. The recording has been preserved in a manner that will be shown to the Court.
55. The speaker in the voicemail message recording has been identified as Charles Vehill.
56. The voicemail message recording was made voluntarily without any kind of inducement.
57. The voicemail message recording will be authenticated by the testimony of the Defendant and Charles Vehill.

58. On or about February 4, 2009 at or around 2:33 pm Mountain Standard Time the Defendant and / or a representative, employee and / or agent of the Defendant attempting to collect the Account left a voicemail message for the Plaintiff.

59. The voicemail message stated: "Message is for Kenneth J. Cryderman. My name is Charles Vehill. I have a very important issue here in my office that does need your immediate attention. You can reach me here at 1-800-245-9543. My direct extension is gonna be 6940. You have a unique ID number to refer to its gonna be uh 5979432. Its very important."

60. The voicemail message was an attempt to collect the Account.

61. The voicemail message constituted a "communication" as defined by FDCPA § 1692a(2).

62. The voicemail message does not state that "the communication is from a debt collector".

63. FDCPA 1692e(11) requires the disclosure that "the communication is from a debt collector" be included in the voicemail message.

64. The voicemail message does not meaningfully disclose the caller's identity.

65. Charles Vehill did not state that he was calling from the Defendant during the voicemail message.

66. FDCPA 1692d states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:"

67. FDCPA 1692d(6) states: "Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity."
68. The Defendant and / or a representative, employee and / or agent of the Defendant, Charles Vehill, was not acquiring location information on the Plaintiff when this voicemail message was left for the Plaintiff.
69. Charles Vehill left this voicemail message for the Plaintiff.
70. Charles Vehill was an employee of the Defendant at the time this voicemail message was left for the Plaintiff.
71. Charles Vehill was an agent of the Defendant at the time this voicemail message was left for the Plaintiff.
72. Charles Vehill was acting within the course of his employment with the Defendant at the time this voicemail message was left for the Plaintiff.
73. Charles Vehill was acting within the scope of his employment with the Defendant at the time this voicemail message was left for the Plaintiff.
74. Charles Vehill was under the direct supervision of the Defendant at the time this voicemail message was left for the Plaintiff.
75. Charles Vehill was under the control of the Defendant at the time this voicemail message was left for the Plaintiff.
76. Charles Vehill's actions in leaving this voicemail message for the Plaintiff are imputed to his employer, the Defendant.
77. The recording device used by the Plaintiff was capable of taping the voicemail message.

78. The Plaintiff was competent to operate the recording device.

79. The recording of the voicemail message is authentic and correct.

80. Changes, additions, or deletions have not been made to the voicemail message.

81. The recording has been preserved in a manner that will be shown to the Court.

82. The speaker in the voicemail message recording has been identified as Charles Vehill.

83. The voicemail message recording was made voluntarily without any kind of inducement.

84. The voicemail message recording will be authenticated by the testimony of the Defendant and Charles Vehill.

85. During the communications the Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account falsely threatened to take the Plaintiff to Court.

86. The Defendant did not have the authority to take the Plaintiff to Court at the times that the Defendant and / or representatives, employees and / or agents of the Defendant had telephone conversations with the Plaintiff.

87. The Defendant did not intend to take the Plaintiff to Court at the times that the Defendant and / or representatives, employees and / or agents of the Defendant had telephone conversations with the Plaintiff.

88. The Defendant did not file any lawsuit(s) in the state of Colorado in 2007.

89. The Defendant did not file any lawsuit(s) in the state of Colorado in 2008.

90. The Defendant has not filed any lawsuit(s) in the state of Colorado in 2009.

91. The Defendant did not receive any judgment(s) in the state of Colorado in 2007.

92. The Defendant did not receive any judgment(s) in the state of Colorado in 2008.

93. The Defendant has not received any judgment(s) in the state of Colorado in 2009.

94. The Defendant did not receive any writ of garnishment(s) in the state of Colorado in 2007.

95. The Defendant did not receive any writ of garnishment(s) in the state of Colorado in 2008.

96. The Defendant has not received any writ of garnishment(s) in the state of Colorado in 2009.

97. No legal action has been taken on the Account.

98. No judgment(s) have been entered on the Account.

99. No legal action has been taken against the Plaintiff by the Defendant.

100. The Defendant has not received any judgment(s) against the Plaintiff.

101. The statements and actions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

102. The Defendant and its representatives, employees and / or agents statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface, d(2) and d(6).

103. The Defendant and its representatives, employees and / or agents statements and actions constitute false and misleading representations and means and violate FDCPA 1692e preface, e(2)(A), e(3), e(5), e(7), e(10) and e(11).

104. The Defendant and its representatives, employees and / or agents statements and actions constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

105. The Defendant's statements and actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

106. The Defendant's statements and actions as well as that of its representatives, employees and / or agents were willful and intentional violations of the FDCPA.

107. As a consequence of the Defendant's collection activities and communications, the Plaintiff has sustained actual damages including emotional distress.

## **RESPONDEAT SUPERIOR**

108. The representatives and / or collectors at the Defendant were employees of the Defendant at all times mentioned herein.

109. The representatives and / or collectors at the Defendant were agents of the Defendant at all times mentioned herein.

110. The representatives and / or collectors at the Defendant were acting within the course of their employment at all times mentioned herein.

111. The representatives and / or collectors at the Defendant were acting within the scope of their employment at all times mentioned herein.

112. The representatives and / or collectors at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

113. The representatives and / or collectors at the Defendant were under the direct control of the Defendant at all times mentioned herein.

114. The actions of the representatives and / or collectors at the Defendant are imputed to their employer, the Defendant.

115. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

116. The previous paragraphs are incorporated into this Count as if set forth in full.

117. The acts and omissions of the Defendant and its representatives, employees and / or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692d preface, d(2), d(6), § 1692e preface, e(2)(A), e(3), e(5), e(7), e(10), e(11) and § 1692f preface.

118. The Defendant's violations are multiple, willful and intentional.

119. Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 U.S.C. § 1692k(a)(1).

2. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

 s/ David M. Larson
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff